IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

**WILLIE J. JONES,** **PLAINTIFF**

**V.** **NO. 2:06CV182-P-D**

**CORRECTIONS CORPORATION**
**OF AMERICA, et al.,** **DEFENDANTS**

## OPINION

Presently before the court is the Defendant W.B. Johnson's motion to dismiss and Plaintiff's motion for voluntary dismissal. The court *sua sponte* takes up the dismissal of Defendant Dr. Mike Green.

Plaintiff, a prisoner proceeding *pro se*, filed this § 1983 action on September 29, 2006, in the District Court of Hawaii, for alleged inadequate medical care. On October 16, 2006, the case was transferred to this court. Plaintiff alleges that Defendants denied him proper medical treatment when he was incorrectly diagnosed which resulted in a growth on his spine. Plaintiff contends he was first misdiagnosed by Defendant Dr. Green in Arizona. Following a transfer to the Tallahatchie County Correctional Facility in Tutwiler, Mississippi, Plaintiff was seen by Defendant Dr. Johnson who, it is alleged, also failed to properly diagnose Plaintiff's condition. Plaintiff claims that he was finally correctly diagnosed and underwent surgery after being transferred back to Hawaii.

I. Dismissal of Doctors Green and Johnson

*A. Standard of Review*

When considering dismissal for failure to state a claim under 12(b)(6), the court must accept all well-pleaded facts as true and view the facts in the light most favorable to the plaintiff. *See,* 28

U.S.C. § 1915(e)(2)(B)(ii); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996); *Am. Waste & Pollution Control Co. v. Browning-Ferris, Inc.*, 949 F.2d 1384, 1386 (5th Cir. 1991). Dismissal is warranted if "it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief." *Piotrowski v. City of Houston*, 51 F.3d 512, 514 (5th Cir. 1995) (*quoting*, *Leffall v. Dallas Indep. Sch. Dist.*, 28 F.3d 521, 524 (5th Cir. 1994)). In deciding whether dismissal is warranted, the court will not accept conclusory allegations in the complaint as true. *See*, *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982).

### B. Medical Treatment

In order to prevail on an Eighth Amendment claim involving medical care, a plaintiff must allege facts which demonstrate "deliberate indifference to the serious medical needs of prisoners [which] constitutes 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment . . . whether the indifference is manifested by prison doctors or prison guards in intentionally denying or delaying access to medical care . . . ." *Estelle v. Gamble*, 429 U.S. 97, 104-105, 50 L. Ed. 2d 251, 260 (1976); *Mayweather v. Foti*, 958 F.2d 91, 91 (5th Cir. 1992). The test for establishing deliberate indifference is one of "subjective recklessness as used in the criminal law." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Under this standard, a state actor may not be held liable under 42 U.S.C. § 1983 unless plaintiff alleges facts which, if true, would establish that the official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 838. Only in exceptional circumstances may knowledge of substantial risk of serious harm be inferred by a court from the obviousness of the substantial risk. *Id.*

2

Deliberate indifference is "an extremely high standard to meet" and negligent conduct by prison officials does not rise to the level of a constitutional violation. *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662 (1986), *Davidson v. Cannon*, 474 U.S. 344, 106 S.Ct. 668 (1986); *Domino v. Texas Dep't of Crim. Justice*, 239 F.3d 752, 756 (5th Cir.2001). Negligent or even erroneous medical treatment or judgment does not provide the basis for a constitutional claim. *Graves v. Hampton*, 1 F.3d 315, 319 (5th Cir. 1993). As long as prison medical personnel exercise professional medical judgment, their behavior will not violate a prisoner's constitutional rights. *Youngberg v. Romeo*, 457 U.S. 307, 322-23, 102 S.Ct. 2452, 734 L.Ed.2d 28 (1982).

Plaintiff has not demonstrated or alleged facts which if true would demonstrate that Defendants Drs. Green and Johnson were deliberately indifferent or knew of but disregarded a substantial risk of harm to his health. To the contrary, his own pleadings and submissions to the court indicate that he was seen and treated by Drs. Green and Johnson. Despite the possibility that the treatment was incorrect, there is no indication that the Defendant doctors failed to act or take Plaintiff's claims seriously. Rather, the pleadings indicate that Drs. Green and Johnson both exercised professional medical judgment even though possibly erroneous. At best, Plaintiff may have stated a claim for negligent medical care which is plainly insufficient to state a cognizable claim under Section 1983. The "failure to alleviate a significant risk that [the official] should have perceived, but did not is insufficient to show deliberate indifference." *Domino*, 239 F.3d at 756 ("an incorrect diagnosis does not amount to deliberate indifference."). Thus, Plaintiff's has failed to state a claim against Drs. Green and Johnson based on inadequate medical treatment.[1]

---

[1] It is worth noting that the District Court of Hawaii, in its transfer order, reach this same conclusion regarding both Defendant Doctors. However, it appears as though the analysis was not for purposes of dismissal, but only relevant to determine the appropriate jurisdiction for the

## II. Plaintiff's Voluntary Dismissal

Plaintiff seeks voluntary dismissal of this matter pursuant to Federal Rule of Civil Procedure 41(a)(2). Plaintiff offers that he is currently incarcerated in the Hawaii and cannot, without counsel, reasonably litigate this matter in Mississippi. He further speculates that voluntary dismissal would "moot" Defendant's motion above.

Rule 41(a)(2) provides, in part,

> an action shall not be dismissed at the plaintiff's insistence save upon order of the court and upon such terms and conditions as the court deems proper. If a counterclaim has been pleaded by a defendant prior to the service upon the defendant of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court. Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice.

Voluntary dismissal "should be freely granted unless the non-moving party will suffer some plain legal prejudice other than the mere prospect of a second lawsuit." *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 317 (5th Cir. 2002). The grant or denial of a voluntary dismissal is reviewed for abuse of discretion. *Id.* at 318.

Plaintiff's motion to dismiss was filed on November 28, 2006. Since that time, Dr. Johnson is the only Defendant to oppose the granting of dismissal without prejudice. Consistent with the discussion above, the claims against Drs. Johnson and Green will be dismissed with prejudice, leaving only Defendants Robert Parker and Corrections Corporation of America. Neither of the two remaining Defendants have opposed Plaintiff's motion and the court can conceive of no prejudice to them other than facing the possibility of a second lawsuit. Therefore, the court finds that Plaintiff's voluntary dismissal be granted without prejudice to his right to file suit against Defendants

---

transfer.

Corrections Corporation of America and Robert Parker.

### III.   Conclusion

For the foregoing reasons, Plaintiff has failed to state a claim upon which relief may be granted against Defendant Drs. Green and Johnson and the claims against them shall be dismissed with prejudice in accordance with Federal Rule 12(b)(6) and 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff's motion for voluntary dismissal shall be granted only as to Defendants Corrections Corporation of America and Robert Parker.

A final judgment will issue this day in accordance with this opinion.

This the 2nd day of March, 2007.

                                            /s/ W. Allen Pepper, Jr.
                                            W. ALLEN PEPPER, JR.
                                            UNITED STATES DISTRICT JUDGE